## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| APRIL WILKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO._____ |
| | ) | |
| OBCEK CORPORATION, and | ) | |
| SEARS AUTHORIZED | ) | |
| HOMETOWN STORES, LLC both | ) | |
| D/B/A SEARS HOMETOWN STORE | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff April Wilkerson ("Plaintiff" or "Ms. Wilkerson") submits the following Complaint against Defendants Obcek Corporation ("Obcek"), and Sears Hometown Stores, LLC ("Sears Hometown" or collectively "Joint Employers").

## INTRODUCTION

Plaintiff is African American. She was hired by Obcek in April 2019 to work in a Sears Hometown Store in McDonough GA. At some point in or around the fall of 2019, Sears Hometown became involved in the operation of the stores also. Upon information and belief Sears Hometown and Obcek became joint employers. In September 2019, Plaintiff contacted Joint Employers Ethics hotline and made a compliant of gender discrimination and race discrimination against the store

manager Annie Woodie.  Shortly after this complaint, (1) Plaintiff's hours were severely cut, (2) she was required to complete training that her colleagues were not required to attend, and (3) her sales commissions were directed to her colleague and away from Plaintiff.  In fact, Plaintiff was adversely treated by Joint Employers in retaliation for her complaints of discrimination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e *et seq.* ("Title VII") and 42 USC Section 1981 ("Section 1981").

## JURISDICTION AND VENUE

1.      Ms. Wilkerson's claims present federal questions over which this Court has jurisdiction under 28 U.S.C. §§ 1331, 42 U.S.C. 1981, and 42 U.S.C. §2000e *et seq.* and this Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

2.      This Court is an appropriate venue for all of Plaintiff's claims under 28 U.S.C. § 1391(b) and (c) because all of the parties reside within the Northern District of Georgia, and the substantial majority of events giving rise to Plaintiff's claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

3.      On October 1, and 30, 2019, Ms. Coburn timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC")

against Defendants.  Attached hereto and incorporated herein is **Exhibit A** and **Exhibit B**.

4.    On January 6, 2021, the EEOC issued Plaintiff her notice of right to sue.  Attached hereto and incorporated herein is **Exhibit C**.

5.    Plaintiff has exhausted her administrative remedies prerequisite to filing this suit pursuant to Title VII.

6.    Plaintiff has commenced this action within 90 days of her receipt of the Right to Sue letter from the EEOC.

## PARTIES

7.    Plaintiff is a citizen of the United States and a resident of the state of Georgia.

8.    Plaintiff is female and a member of a protected class under Title VII.

9.    Plaintiff is African American and a member of a protected class under Section 1981.

10.    Plaintiff resides in the Northern District of Georgia and subjects herself to the Court's jurisdiction.  Plaintiff was an employee of Joint Employers at all times material to this Complaint, concluding with her unlawful retaliatory termination.

11.    Obcek is a domestic for-profit corporation licensed to do business in Georgia.  Defendant transacts business in the Northern District of Georgia.

12.     Obcek is subject to this Court's jurisdiction and may be served with process through its registered agent for service of process, if service is not waved.

13.     Sears Hometown is a domestic for-profit corporation licensed to do business in Georgia.  Defendant Sears Hometown transacts business in the Northern District of Georgia.

14.     Sears Hometown is subject to this Court's jurisdiction and may be served with process through its registered agent for service of process if service is not waved.

## FACTUAL ALLEGATIONS

15.     Each Defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks throughout 2019.

16.     Doth Defendants are subject to the anti-discrimination and anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended and Section 1981.

17.     At all times material to this Complaint, Joint Employers had control over Plaintiff's employment and the terms and conditions thereof.

18.     On or about April 2019, Plaintiff began working for Obcek.

19.     At some point in or around the fall of 2019, Sears Hometown became involved in the operation of the stores also.

20.     After the fall of 2019, Defendants became joint employers.

21.    Upon information and belief, each Defendant had authority to exercise control over the terms and conditions of Plaintiff's employment, specifically but not limited to her job assignments, her hours, her pay, her benefits, her promotional opportunities, and each had the ability to hire and fire her.

22.    Plaintiff received no training for her job.

23.    Plaintiff received no "Employee handbook" from either Joint Employer.

24.    Plaintiff received no policy about how she should report a complaint of discrimination.

25.    Until Plaintiff made a complaint of discrimination, Plaintiff was never written up for poor performance.

26.    Shortly after she began employment with Joint Employers, Plaintiff began to be treated differently than her similarly situated collages by the Store Manager Ms. Woodie.

27.    In September 2019, Plaintiff contacted the ethics line to register a harassment complaint.

28.    After Plaintiff's complaint, Ms. Woodie approached Plaintiff and told her that she had done nothing wrong.  Ms. Woodie wanted to discuss Plaintiff's allegations of race and gender discrimination.

29.    Plaintiff reported these incidents of harassment to her Joint Employers.

30.     Shortly after Plaintiff made her complaint of discrimination, she began to be retaliated against.

31.     Specifically, Plaintiff faced at least three incidents of retaliation.  First, Plaintiff's hours were severely cut.

32.     Second, Plaintiff was required to complete training that her colleagues were not required to attend.

33.     Third, Plaintiff's sales commissions were directed to her colleague and away from Plaintiff.

## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII and SECTION 1981

34.     Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

35.     Plaintiff engaged in protected activity under Title VII and Section 1981 by complaining of gender discrimination and race discrimination to Joint Employers.

36.     After Plaintiff's protected complaints Plaintiff suffered adverse actions as detailed above.

37.     Joint Employers' actions constitute unlawful retaliation in violation of both Title VII of the Civil Rights Act, as amended and Section 1981.

38.     Joint Employers willfully and wantonly disregarded Plaintiff's rights and Joint Employers' retaliation against Plaintiff was undertaken intentionally and in bad faith.

39.    As a result of Joint Employers unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

## COUNT II
## NEGLIGENT RETENTION AND SUPERVISION

40.    Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

41.    Joint Employers continued Ms. Woodie's employment when it actually knew, constructively knew, or in the exercise of reasonable care should have known of her history of and propensity for discriminatory conduct and/or retaliation.

42.    Notwithstanding Joint Employers' actual or constructive knowledge of Ms. Woodie's history of and propensity for such actions, Defendant negligently supervised Ms. Woodie and failed to intercede on Plaintiff's behalf, and negligently retained Ms. Woodie, thereby ratifying, condoning, and adopting Ms. Woodie's conduct, making Joint Employer liable for the negligent supervision and retention of Ms. Woodie.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a)    a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act, as amended;

(b)    an injunction prohibiting Defendants from engaging in unlawful employment practices in violation of Section 1981 and Title VII of the Civil Rights Act;

(c)    full back pay from the date of Plaintiff's retaliatory termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d)    front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e)    compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f)    punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendants for its conduct toward Plaintiff and deter it from similar conduct in the future;

(g)    reasonable attorney's fees and costs; and

(h)    other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of April 2021.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com

Attorneys for Plaintiff

THE MIXON LAW FIRM
1691 Phoenix Boulevard
Suite 150
Atlanta, Georgia 30349
Telephone: (770) 955-0100
Facsimile: (678) 999-5039